```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY SINGLETON,              :       EDPA CIVIL NO.
                                :       06-4533
     Petitioner,                :
                                :
     v.                         :
                                :       USCA NO.
JAMES WYNDER, et al.,           :       07-1623
                                :
     Respondents.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 10, 2007

Before the Court are Petitioner's Objections to Magistrate Judge Wells's Report and Recommendation. The Report and Recommendation concluded that Petitioner's § 2254 petition should be dismissed without prejudice for failing to exhaust his state remedies. While Petitioner does not dispute the fact that he did not fully exhaust his state court remedies, he argues that exhaustion should be excused in this case for three reasons. One, an inordinate delay in the state proceedings presents a highly exceptional circumstance that warrants federal review notwithstanding his failure to exhaust. Two, his sentence will soon expire, rendering his claim moot and creating the need for immediate federal review. Three, he is actually innocent under Pennsylvania law. Because none of these reasons provides a basis to excuse the exhaustion requirement in this case, Petitioner's objections will be overruled and the Court's adoption of the

Report and Recommendation (doc. no. 9) will stand.[1]

I.   BACKGROUND

  A.   Factual Background

   The facts of the underlying appeal are set forth in detail in the opinion of the Pennsylvania Superior Court as follows:

> On February 2, 2001, [Petitioner], driving a brown Cadillac, approached a school bus stop at approximately 7:40 a.m.  He called from his car to a twelve-year-old girl (L.L.) to come to the car.  L.L. took a step backwards, and [Petitioner] again directed the young girl to come to the car.  L.L. retreated further and began walking away from the bus stop toward her house. [Petitioner] pursued the girl, repeatedly telling her to the come to his car.  He followed L.L. until traffic prevented him proceeding any further. L.L. then returned to the bus stop.  Minutes later however, [Petitioner] also returned to the bus stop. L.L. began walking away, but [Petitioner] followed her and called to her until she entered a store.
>
> Approximately ten minutes later and one block from L.L.'s bus stop, R.M., a twelve-year-old boy, was accosted by [Petitioner] in a similar manner.  R.M. was walking to school when [Petitioner] drove along side him and called for him to come to the car.  R.M. then continued walking towards the school.  [Petitioner] however, kept pace in his car and followed R.M. until he reached the school grounds and ran inside the building.
>
> Approximately ten minutes later, at 8:00 a.m., T.C., a thirteen year-old girl and her friend, K.M.,

---

[1] The Court already adopted the Report and Recommendation by Order dated February 6, 2007 (doc. no. 9).  As is explained below, however, the Court had not considered Singleton's objections when adopting the Report and Recommendation.  For this reason, it now considers the objections as timely filed.

2

>were entering the school grounds of Strawberry Mansion High School when [Petitioner] parked in front of the school and called T.C., directing her to get into his car and cursing at K.M.  T.C. immediately alerted a school police officer, and [Petitioner] was arrested while he was still parked outside the school.
>
>On April 18, 2002, [Petitioner] proceeded to a non[-]jury trial before the Honorable Anthony DeFino. [Petitioner] was found guilty of luring a child into a motor vehicle and stalking for the actions taken toward R.M., and he was found guilty of one count of luring a child into a motor vehicle for his conduct toward T.C. The trial court sentenced [Petitioner] to serve 1 to 5 years incarceration for the conviction of luring a child into a motor vehicle with respect to R.M. and to a concurrent term of 1 to 2 years' incarceration for the stalking conviction.  Additionally, the trial court sentenced [Petitioner] to serve 1 to 5 years incarceration for the luring a child into a motor vehicle conviction with respect to T.C., to run concurrently with the sentence in R.M.'s case.

Commonwealth v. Singleton, No. 3018 EDA 2002, (Pa. Super. Ct. Mar. 22, 2004).

Petitioner appealed his conviction and the Pennsylvania Superior Court affirmed in part and reversed in part, reversing the judgment with respect to the stalking conviction and affirming with respect to the two counts of luring.  Id. at 9. Petitioner did not seek further review.

Then, on March 8, 2005, Singleton filed a pro se petition under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541-46.  On April 5, 2006, court-appointed counsel filed an amended petition claiming that Petitioner's appellate counsel was ineffective for not challenging Singleton's luring conviction as contrary to Commonwealth v. Tate, 816 A.2d

3

1097 (Pa. 2003). Counsel withdrew on September 13, 2006, and Petitioner was appointed new counsel. With his amended petition still pending, on September 21, 2006, Petitioner requested leave to proceed in forma pauperis and filed an "Application for Extraordinary Relief" in the Pennsylvania Supreme Court.[2]

    B.    <u>Procedural History of the § 2254 Petition</u>

With two petitions pending in state court, Petitioner filed a § 2254 petition in the Eastern District of Pennsylvania on October 11, 2006, claiming: (1) ineffective assistance of his appellate counsel for failing to challenge his luring conviction; (2) ineffective assistance of his trial counsel for failing to investigate, develop and present evidence of his arrest, the crimes were being committed by someone fitting his description; and (3) actual innocence. Pet. at 9.

The petition was referred to Magistrate Judge Wells for Report and Recommendation. After reviewing the record, Magistrate Judge Wells concluded that Petitioner had not

---

[2] Singleton's "Application for Extraordinary Relief was denied by the Pennsylvania Supreme Court on December 7, 2006. Magistrate Judge Wells was apparently unaware of this when she issued her Report and Recommendation on December 18, 2006. <u>See</u> Mag. J. Wells Rep. & Rec., Dec. 18, 2006, at 3 (stating that Singleton's "Application for Extraordinary Relief" was still pending before the Pennsylvania Supreme Court). This, however, is inapposite to the analysis. Regardless of the Pennsylvania Supreme Court's denial of the "Application for Extraordinary Relief," because Singleton still has a PCRA petition pending, his state court remedies remain unexhausted.

exhausted his remedies in state court, that nothing in the record indicated a justification to warrant an exemption from exhaustion, and recommended that the petition be dismissed without prejudice to Petitioner's right to refile immediately at the conclusion of the state court proceedings.  <u>See</u> Mag. J. Wells Rep. & Rec., Dec. 18, 2006, at 6.

Petitioner filed objections to the Report and Recommendation on January 3, 2007.  Due to an administrative oversight in the Clerk of Court's office, however, the objections were not docketed nor were they placed with Singleton's official file.  Because of this oversight, the District Court was unaware of the existence of any objections at the time it considered and adopted the Report and Recommendation dismissing without prejudice the petition.

On February 23, 2007, Petitioner appealed to the Third Circuit the District Court's dismissal without prejudice of the § 2254 petition.  Then, on March 1, 2007, the Clerk of Court's office located and docketed Petitioner's objections.  On March 29, 2007, the Third Circuit remanded to the District Court for clarification whether the objections (newly found) were in fact presented to the District Court prior to its adoption of the Report and Recommendation.  Furthermore, the District Court was required to advise the Court of Appeals, in the event that the objections were not presented as required, whether the District

Court was inclined to treat the objections as a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59.  In response, by Order dated April 5, 2007, the District Court conveyed its intention to entertain the objections as timely filed and to consider them on their merits.  On April 24, 2007, the Third Circuit stayed the appeal pending the motion to alter or amend the judgment before the District Court.  This Court is now ready to consider the objections on their merits.

II. DISCUSSION

It is well settled that a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies.  See 28 U.S.C. § 2254(b), (c); Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).  The exhaustion requirement is based on the principles of comity — namely that "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  Cristen v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  An exception is made to the exhaustion requirement, however, when "there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy."  Lee, 357 F.3d at 341 (citing Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994)).

Petitioner does not dispute Magistrate Judge Wells's conclusion that he failed to exhaust his state court remedies before filing the present petition.  Instead, he claims that he should be excused from the exhaustion requirement for three reasons.  First, he claims that an inordinate delay in the state proceedings presents a highly exceptional circumstance that warrants federal review notwithstanding his failure to exhaust.  Second, he argues that his sentence will expire in July 2007, rendering his claim moot and creating the need for immediate federal review.  Third, focusing on the merits of his § 2254 claim, he argues that he is actually innocent under Pennsylvania law.  As discussed below, none of these reasons is grounds for excusing Petitioner from the exhaustion requirement of § 2254(b)(1)(A).

A.   "Inordinate Delay"

Petitioner argues that he has suffered inordinate delay of his PCRA petition because the matter was continued eleven times since its filing in March 2005.

The Court must undertake a two-step process when determining if an inordinate delay warrants relief from the burden of exhaustion.  First, the Court determines if the petitioner has established the existence of inordinate delay.  Second, if the petitioner has shown inordinate delay, the burden

shifts to the state to demonstrate why exhaustion should still be required.  Story, 26 F.3d at 405.

       1.   The delay is not inordinate in this case.

"[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable."  Story, 26 F.3d at 405 (citing Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986)).  Delay only rises to the level of inordinate in extreme cases, and not in the circumstances facing the Court.  The Court declines to characterize the delay in this case as "inordinate," such to render state post-conviction relief effectively unavailable for two reasons.

One, the delay presented here is considerably shorter than the cases where the Third Circuit has found inordinate delay such to excuse exhaustion.  See Lee v. Stickman, 357 F.3d 338, 343 (3d Cir. 2004) (eight year delay of PCRA petition with no resolution was inordinate delay); Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir. 2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir. 1994) (nine year delay); Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991) (eleven year delay); Wojtczak, 800 F.2d at 356 (33 month delay between filing PCRA and habeas petition); Burkett v. Cunningham, 826 F.2d 1208,

1210-11 (3d Cir. 1987) (five year delay in sentencing); United States ex rel. Senk v. Brierley, 471 F.2d 657, 660 (3d Cir. 1973) (3.5 year delay); United States ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3d Cir. 1975) (stating in dicta that three years and four months to decide a motion for a new trial was inordinate delay sufficient to excuse exhaustion). In fact, in Cristen v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), the Third Circuit noted that the "thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." 281 F.3d at 411. As such, it refused to "reduce the threshold of delay making state court processes ineffective" to twenty-seven months. Id.

In this case, the total time elapsed between Petitioner's filing of the PCRA petition on March 8, 2005 and the filing of his habeas petition in federal court on October 11, 2006 is nineteen months. In light of the cases cited above, this Court is unable to classify this delay as "inordinate."

Two, the delay is far from inexcusable in this case. Indeed, at least seven of the continuances were attributable to Petitioner or his counsel.³ For example, the first continuance

---

³ Arguably, only three of the eleven delays are chargeable to the Commonwealth. On April 5, 2006, Singleton filed an amended petition, and the next listing was continued to allow the Commonwealth to respond. Due to technical difficulties arranging the video-conference with Singleton, the hearing to determine

was granted at the request of Singleton's first PCRA appointed counsel to determine whether to file an amended petition.  The second continuance was also made at the request of Singleton's counsel.  The matter was continued a third time, from February 14, 2006, because PCRA counsel was unavailable due to surgery.  On April 4, 2006, the matter was continued until June 5, 2006 at the request of Singleton's PCRA appointed counsel.  On September 5, 2006, at the following scheduled hearing, PCRA appointed counsel requested permission to withdraw due to conflict.  New counsel was appointed only one week later on September 13, 2006.  The matter was further continued to afford Singleton's new counsel an opportunity to determine whether to amend the petition filed by prior counsel.  Then on November 10, 2006, Singleton informed the court that he wanted to represent himself and a hearing was scheduled, and ultimately was held on March 15, 2007, to determine that his waiver of counsel was knowing, voluntary and intelligent.  Therefore, based on the relative short period of delay along with the fact that many of the continuances are attributable to Singleton or his counsel, the Petitioner has failed to establish the existence of an inordinate delay.

---

that his waiver of counsel was knowing, voluntary and intelligent was continued twice before taking place on March 15, 2007.  All together, the delays chargeable to the Commonwealth are minor and do not rise to the level of inordinate.

      2.    <u>The state has demonstrated why exhaustion should still be required.</u>

Even if, <u>arguendo</u>, the Court were to characterize Petitioner's delay as "inordinate," it would still not automatically excuse exhaustion.  <u>Lee</u>, 357 F.3d at 341.  Instead, the burden would shift to the state to explain why exhaustion should still be required.  <u>Id.</u> (citing <u>Story</u>, 26 F.3d at 405).  The Commonwealth has shown that activity has not been halted in the state court proceedings; it appears that the case is moving along and is on its way to disposition.  It is now up to Singleton to decide, by June 1, 2007, whether to proceed on the current petition or to amend it.[4]  To the extent that there was some delay, the delay is seemingly over, and the matter "now appears to be proceeding normally."  <u>Burkett v. Cunningham</u>, 826 F.2d 1208, 1218 (3d Cir. 1987).  Therefore, the Commonwealth has met is burden of providing a sufficient explanation why exhaustion should still be required.

For these reasons, any delay in the state court proceedings is not inexcusable or inordinate.  It does not render the state court remedies ineffective and does not excuse

---

[4] At the March 15, 2007, PCRA hearing to determine whether Singleton's decision to waive counsel was made knowingly, voluntarily and intelligently, the court allowed Singleton until June 1, 2007, to decide whether he would like to proceed on the amended PCRA petition filed by his previous court-appointed counsel, or whether he would like to file an amended petition.

Petitioner from exhaustion before seeking federal habeas review.

    B.    <u>Petitioner's Sentence Will Soon Expire</u>

Petitioner argues that his sentence will expire in July 2007, rendering his claim moot. By his reasoning, this provides a basis to excuse exhaustion. Not only does he fail to support this statement, the record clearly refutes his contention. According to a sentence status summary generated by Pennsylvania's Department of Corrections, Petitioner's sentence will not expire until 2010. Therefore, the statement that he should be granted federal review of his claims because his sentence will soon expire is simply incorrect.[5]

Nevertheless, even if Singleton's custodial release were imminent, it would neither render the delay inordinate, nor excuse his burden of exhausting the state court remedies. To hold otherwise would be to impose on the state courts a burden of expediting PCRA petitions merely because the prisoner's release

---

[5] It appears that Petitioner's contention that he will be released in July 2007 was based on a mistaken calculation of his sentence and a draft version of his sentence status summary generated by Pennsylvania's Department of Corrections (DOC) on August 5, 2005. His actual release date, which is shown on the "closed version" of the Sentence Status Summary generated by DOC on February 12, 2007, is February 3, 2010. This reflects the two concurrent 1-5 year sentences imposed for each count of luring a child into a motor vehicle <u>which run consecutively to any sentence Petitioner was previously serving</u>. Petitioner was previously serving a sentence for violation of probation and carrying a firearm without a license.

date is impending.  In any event, Singleton's release would not render his claim moot.  See Lee, 357 F.3d 343; United States v. Frumento, 552 F.2d 534, 537 (3d Cir. 1977) (en banc) ("[A]n appeal is not moot even though the appellant has been released from custody or has served his sentence if he has taken all possible steps to have the order of confinement promptly reviewed prior to his release."); Sibron v. New York, 392 U.S. 40 (1968).

    C.    Actual Innocence

Finally, Petitioner argues that he is actually innocent of the crime for which he was convicted, luring a child into a motor vehicle.  "Actual innocence" is a very limited exception to the rule prohibiting federal review of procedurally defaulted habeas claims.  Schlup v. Delo, 513 U.S. 298, 319-22 (1995); Wright v. Vaughn, 473 F.3d 85, 92 (3d Cir. 2006).  That is not the case at hand.  It is not appropriate for the federal court to decide this issue without first being considered by the state courts.  A claim of actual innocence does not excuse Petitioner from the burden of exhaustion in this case.

III. CONCLUSION

Petitioner has failed to exhaust his state court remedies as required before filing his § 2254 petition with this Court.  While exhaustion may be excused when the state court process is shown to be effectively unavailable, such is not the

13

case at hand.  Petitioner has shown no inordinate delay in the handling of his PCRA petition.  Additionally, Petitioner's release is not imminent as he claims, but even if it were, it does not provide a basis to excuse exhaustion.  Finally, his claim for actual innocence does not relieve Petitioner of the burden of exhaustion.  The objections to the Report and Recommendation will be overruled, and the Court's Order dated February 6, 2007 (doc. no. 9) adopting and approving the Report and Recommendation will stand as entered.

      An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TIMOTHY SINGLETON,              :        EDPA CIVIL NO.
                                :        CIVIL NO. 06-4533
     v.                         :
                                :        USCA NO.
JAMES WYNDER,                   :        07-1623
```

**O R D E R**

**AND NOW**, this **10th** day of **May, 2007,** pursuant to the Court of Appeals Orders dated March 29, 2007, and April 24, 2007, and after consideration of Petitioner's objections to the Report and Recommendation (doc. no. 12), as well as the Respondents' response thereto (doc. no. 19), it is hereby **ORDERED** that Petitioner's objections to Magistrate Judge Wells's Report and Recommendation (doc. no. 12) are **OVERRULED**.[6]

**AND IT IS SO ORDERED.**

                                       **S/Eduardo C. Robreno**

                                       **EDUARDO C. ROBRENO, J.**

---

[6] Accordingly, the Court's Order dated February 6, 2007 (doc. no. 9) adopting and approving the Report and Recommendation stands as entered.

15